

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## 06-20-00011-CR

_____


SHENITA LASHON DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 7th District Court
Smith County, Texas
Trial Court No. 007-0240-19


Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Shenita Lashon Davis pled guilty to assault on a public servant[1] and, pursuant to a plea agreement, was placed on deferred adjudication community supervision for a period of seven years. The State later filed a motion to adjudicate Davis's guilt on grounds that she violated the terms and conditions of her community supervision by possessing and using cocaine and methamphetamine. Davis pled true to the State's allegations and, after an evidentiary hearing, the trial court granted the State's motion. Davis was sentenced to seven years' imprisonment and was ordered to pay $244.00 in court costs. Davis appeals.[2]

Davis's attorney has filed a brief that states that he has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(b)(1) (Supp.).

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Twelfth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

On March 10, 2020, counsel mailed to Davis a copy of the brief and the motion to withdraw and informed her of the right to review the record and file a pro se response. After this Court granted Davis's pro se motion for access to the record, Davis was provided with a complete paper copy of the appellate record on April 21. By letter dated April 30, this Court informed Davis that any pro se response was due on or before June 15. On July 14, this Court further informed Davis that the case would be set for submission on the briefs on August 4. We received neither a pro se response from Davis nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, nonreversible error is found in the assessment of attorney fees in the certified bill of costs.

Because she was indigent, the trial court did not assess attorney fees against Davis. Yet, the bill of costs totals $544.00, which includes $300.00 for attorney fees. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable [her] to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

3

Since there is no finding of the ability of Davis to pay them, attorney fees could not be and were not assessed against her in the judgment. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). Accordingly, we modify the bill of costs by deleting the assessment of attorney fees.

We modify the bill of costs by deleting the $300.00 assessment for attorney fees. We affirm the judgment of the trial court, as modified.[3]

Ralph K. Burgess
Justice

Date Submitted:     August 4, 2020
Date Decided:       August 5, 2020

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.